UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JAN 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff(s)

George Alexander Rodriguez

V.

08cv382
Judge SHADUR
Mag. Judge COLE

Defendant(s)

(1) Secretary Gorzen H Mansfield Department of Veterans Affairs
(2) Patrick L. Sullivan Director medical center
(3) Christopher A Price Acting Director of Law enforcement training center

**COMPLAINT**

JANUARY 17 2007

ON OR ABOUT JULY 26, 2006 V.A. DIRECTOR MR SULLIVAN REFUSED MY CREDENTIALS DUE TO PRIOR REPRISAL TO AN E.O.O.C. COMPLAINT.

ON OR ABOUT AUG 1, 2006 I FILED AN E.E.O. COMPLAINT AGAINST MR SULLIVAN FOR NOT GIVING ME MY CREDENTIALS.

ON OCT 29, 2007 E.E.O.C. JUDGE WINSTON J. JACKSON WHO FOUND THE AGENCY, DEPT OF VETERANS AFFAIRS TO BE IN VIOLATION OF TITLE VII AND THAT MR RODRIGUEZ SHOULD IMMEDIATELY BE ISSUED HIS RETIRED POLICE CREDENTIALS.

ON NOV 15, 2007 I RECEIVED A FINAL ORDER BY MAIL FROM DEPARTMENT OF VETERANS AFFAIRS AGENCY. STATING THAT THEY DID ADMIT THAT I WAS DISCRIMINATED
AGAINST BECAUSE OF REPRISAL ON MY PRIOR PROTECTED E.E.O. ACTIVITY.

ON DEC 13, 2007 I RECEIVED A LETTER FROM ACTING DIRECTOR V.A. ENFORCEMENT TRAINING CENTER MR CHRISTOPHER PRICE WHO STATED DUE TO MY MEDICAL CONDITION MY CREDENTIALS WERE DENIED.

ON DEC 27, 2007 I MADE CONTACT WITH MR PRICE VIA TELEPHONE AND I REQUESTED THE AGENCY POLICY ON MEDICAL CONDITIONS WHICH HE REFUSED TO GIVE ME. MR PRICE DID STATE THAT THE REASON HE IS NOT GIVING ME MY CREDENTIALS IS BECAUSE I HAVE ANXIETY. DUE TO MR PRICE RECEIVING INFORMATION ABOUT MY ANXIETY, HE VIOLATED MY PRIVACY. MR PRICE ALSO STATED THAT HE RECEIVED THE INFORMATION FROM HUMAN RESOURSES FROM THE NORTH CHICAGO IL V.A. MEDICAL CENTER.

# Department of Veterans Affairs

# Memorandum

**Date:** December 13, 2007

**From:** Acting Director, VA Law Enforcement Training Center (07A2)

**Subj:** Request for Retired Police Officer Credential

**To:** George Rodriquez
15670 West Sprucewood Lane
Libertyville, Illinois 60048

1. This memorandum is in reference to your request for a Retired Police Officer Credential due to your retirement from the Department of Veterans Affairs as a police officer.

2. After careful consideration, review of agency policy, and evaluation of information related to your medical condition upon retirement, I regret to inform you that your request is denied.

3. If you have any questions, and would like to discuss the matter further, please feel free to contact me at (501) 257-4123. Written correspondence should be addressed to the VA Law Enforcement Training Center (07A2), 2200 Fort Roots Drive, Building 104, North Little Rock, Arkansas 72114.

Christopher A. Price
Acting Director, VA Law Enforcement Training Center

Automated VA FORM 2105



**DEPARTMENT OF VETERANS AFFAIRS**
Clement J. Zablocki VA Medical Center
5000 West National Avenue
Milwaukee WI 53295

In Reply Refer To: 695/05A

December 15, 2006

To Whom It May Concern:

This is to verify that George A. Rodriguez was employed with the VA Medical Center North Chicago, IL from February 15, 1998 until his Medical Retirement on July 29, 2005. Mr. Rodriguez was a Police Officer.

Sincerely,

WAYNE H. DAVIS
Manager, Great Lakes Human Resources Management Service

**From:** J. Bryan Wood (jbryanwood@yahoo.com)
**To:** NELA-Illinois
**Date:** Thursday, January 10, 2008 9:37:58 AM
**Subject:** No Strings Referral

I have contact information for an individual seeking an attorney who I met at the Federal Court pro se help desk.

The individual is a veteran and former federal employee police officer for the Veterans Administration. In addition to pursuing other whistleblowing-type claims, he complained of discrimination (he his Hispanic) and was retaliated against by the Veterans Administration. He pursued his retaliation claim through the VA's internal EEO process and received a finding in his favor that was upheld by an ALJ.

As a part of the decision in his favor, he was eligible to receive credentials which would have helped him obtain subsequent employment. However, he was denied the credentials for reasons he believes were retaliatory. The Acting Director who informed him he would not get the credentials essentially blamed the decision on the manager he previously accused of discrimination and proved retaliated against him. He also has evidence to show that the reason he was given was not applied to other individuals who did not complain of discrimination.

The posture of the case appears to require someone who can look into his situation within the next week or so (mainly to determine whether to file a new EEO complaint or seek the credentials as enforcement of the ALJ's decision).

Please let me know if you would like his contact information.

Regards,

Bryan

J. Bryan Wood
jbryanwood@yahoo.com
773-425-4576 (mobile)

**From:** J. Bryan Wood (jbryanwood@yahoo.com)
**To:** Lisa Stauff
**Date:** Wednesday, January 9, 2008 9:01:42 PM
**Subject:** No Strings Referral

Lisa,

I have contact information for an individual seeking an attorney who I met at the Federal Court pro se help desk today. The individual is a veteran and former federal employee police officer for the Veterans Administration. In addition to pursuing other whistleblowing-type claims, he complained of discrimination (he his Hispanic) and was retaliated against by the Veterans Administration. He pursued his retaliation claim through the VA's internal EEO process and received a finding in his favor that was upheld.

As a part of the decision in his favor, he was eligible to receive credentials which would have helped him obtain subsequent employment. However, he was denied the credentials for reasons he believes were retaliatory. The Acting Director who informed him he would not get the credentials essentially blamed the decision on the manager he previously accused of discrimination and proved retaliated against him. He also has evidence to show that the reason he was given was not applied to other individuals who did not complain of discrimination.

I know you mentioned you represent federal employees, so I thought of you. The procedural posture of the case means someone needs to look into his situation within the next week or so. He is not in a dire financial situation, but I don't have much information beyond that. If you are interested in speaking with him, please let me know and we can talk about it tomorrow. Otherwise, I'll post this summary on the NELA-Illinois list-serve.

Regards,

Bryan

J. Bryan Wood
jbryanwood@yahoo.com
773-425-4576 (mobile)

| **VA** Department of Veterans Affairs | **COMPLAINT OF EMPLOYMENT DISCRIMINATION** | |
|---|---|---|
| 1. NAME (Last, first, middle initial)(Please print) <br> Rodriguez A George | 2. MAILING ADDRESS <br> 15670 W. Sprucewood Lane <br> Libertyville, IL 60048 | 3a. WORK TELEPHONE NUMBER (Include Area Code) <br> — <br> 3b. HOME TELEPHONE NUMBER (Include Area Code) <br> (847) 816-7641 |
| 4. ARE YOU: <br> ☐ A VA EMPLOYEE <br> ☐ AN APPLICANT FOR EMPLOYMENT <br> ☒ A FORMER VA EMPLOYEE | 5a. JOB TITLE, SERIES AND GRADE <br> Police Officer <br> GS-06-B83 <br> 5b. SERVICE/SECTION/PRODUCT LINE <br> Police + Safety | 6. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED <br> VA Medical Center <br> GreenBay Rd. <br> North Chicago, IL 60064 |

INSTRUCTIONS: For each employment related matter that you believe was discriminatory you must list the bases (list one or more of the following): Race (Specify), Color (Specify), Religion (Specify), Sex (Male or Female), Sexual Orientation, National Origin (Specify), Age (Provide date of birth), Disability (Specify), and Reprisal for prior EEO activity or having opposed discrimination.

| 7. BASIS | 8. CLAIM(S) (What employment related claim(s) - personnel action(s), incident(s), or event(s), caused you to file this complaint? Briefly, describe what happened below. Use an additional sheet of paper if necessary.) | 9. DATE OF OCCURRENCE (Include the most recent date(s)) |
|---|---|---|
| Reprisal | The Agency refused to help me get my retirement credentials. See Attachment Letter | July 26, 2006 |
| Sex male Hispanic | Intimidation/Harassment by the Police Dept See Letter | 9/15/2006 |
| Breach of Settlement | Gave out personal information to Dept of Labor | April 20 2006 |
| Disparate Impact Case | employee can show Performance Appraisal and Award Letter Recognition | 2/28 to July 29, 2005 |

10. REMEDIES SOUGHT <br>
Request Retired Identification Credentials due to legitimate Job Related Service - Connected disability

| 11a. DO YOU HAVE A REPRESENTATIVE? <br> ☐ YES ☒ NO | 11b. IF "YES," IS HE OR SHE AN ATTORNEY? <br> ☐ YES ☐ NO | 11c. PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF YOUR REPRESENTATIVE |
|---|---|---|
| 12a. HAVE YOU CONTACTED AN EEO COUNSELOR? <br> ☒ YES ☐ NO | 12b. NAME OF EEO COUNSELOR <br> Mary Shaffer | 12c. DATE OF INITIAL CONTACT WITH ORM <br> 8-14-06 |

13. NOTE: If you contacted an EEO Counselor more than 45 calendar days after the Date(s) of Occurrence, listed in item 9, or if this complaint is filed more than 15 calendar days after receipt of a Notice of Right to File a Discrimination Complaint, you must explain why you were untimely in seeking EEO counseling or untimely in filing a complaint. (If more space is needed, use an additional sheet of paper.)

| 14a. HAVE YOU FILED A UNION GRIEVANCE ON ANY CLAIM(S) LISTED ABOVE? <br> ☐ YES ☒ NO | 14b. IF "YES," LIST THE CLAIM(S) AND DATE GRIEVANCE FILED | 15a. HAVE YOU FILED AN APPEAL WITH THE MERIT SYSTEM PROTECTION BOARD (MSPB) ON ANY OF THE CLAIMS LISTED ABOVE? <br> ☐ YES ☒ NO | 15b. IF "YES," LIST THE ISSUE(S) AND DATE MSPB APPEAL FILED. |
|---|---|---|---|
| 16a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE? <br> ☐ YES ☒ NO | 16b. IF "YES," PROVIDE THE NAME AND ADDRESS | | |
| 17. SIGNATURE OF COMPLAINANT (Do not print) <br> /s/ G. Rodriguez | | 18. DATE <br> 9/26/06 | |

VA FORM 4939 NOV 1999(R)



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Employment Discrimination Complaint Adjudication
Washington DC 20420

NOV 1 5 2007

**CERTIFIED MAIL**

In Reply Refer To:   OOD

Mr. George A. Rodriguez
15670 West Sprucewood Lane
Libertyville, IL 60048

ORM Case No. 200J-0556-2006103371

Dear Mr. Rodriguez:

Enclosed is a copy of the Department's Final Order concerning the above referenced matter.

The Final Order accepts the EEOC administrative judge's decision finding that you were discriminated against because of reprisal for your prior protected EEO activity in connection with the denial of your request for retired police officer credentials. The relief to which you are entitled is fully explained in the "Remedial Relief" section of the enclosed Final Order. The Deputy Under Secretary for Health for Operations and Management (10N) has been notified of this Final Order and will ensure implementation of the relief and corrective action ordered in the decision.

The enclosed Final Order is the Department's final action concerning the above-referenced matter. If you are dissatisfied with this final action, you may appeal in accordance with the statement of appeal rights contained in the Final Order. Enclosed is EEOC Form 573 for use if you wish to file an appeal.

Sincerely yours,

*Charles R. Delobe*
CHARLES R. DELOBE
Director

Enclosures

# UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## CHICAGO DISTRICT OFFICE HEARINGS

| Name of Assigned Administrative Judge | Winston J. Jackson, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **Case Number** | 440-2007-00157X | **Date** | October 29, 2007 |
| **Case Title** | George A. Rodriguez v. Department of Veterans Affairs | | |

**MOTION:** [In the following box indicate the party filing the motion and state briefly the nature of the motion being presented.]

### Order and Decision Granting Summary Judgment Sua Sponte

**DOCKET ENTRY:**

(1) ☐ Filed motion -

(2) ☐ Brief in support of motion due _____

(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .

(4) ☐ Ruling on _____ set for _____ at _____ .

(5) ☐ Status [held/continued to] [set for/re-set for] on _____ set for _____ at _____ by telephone.

(6) ☐ Prehearing conference is set for CDT, by telephone. The Agency shall place the call.

(7) ☐ Hearing is set for _____ at EEOC, 500 W. Madison Street, Suite 2800.

(8) ■ Pursuant to the Acknowledgment and Scheduling Order issued on April 4, 2007, the Agency filed a Motion for Summary Judgment. The Agency argues that summary judgment is appropriate because there are no genuine issues of material fact or of credibility. Further, the Agency argues that Complainant cannot establish a prima facie case or over come the Agency's articulated nondiscriminatory reasons. The Agency argues that it is really "Complainant's misguided attempts to add a material clause" to a prior EEO settlement agreement that is the real issue in this case. Further, the Agency states even if Complainant establish a prima facie case he fails to provide any evidence that the Agency's articulated legitimate, nondiscriminatory reasons for its action was pretextual. After a review of the investigative record, the prehearing submissions, and Respondent's motion for summary disposition, it has been determined that there are no material facts in dispute or issues of credibility, and that it is therefore appropriate, pursuant to 29 C.F.R. § 1614.109(g)(3), to issue a decision on the record. The undisputed facts of this case, however, clearly establish that summary judgment must be rendered in favor of Complainant. The Investigative Record correctly sets forth the material facts and the material facts are not in dispute. Accordingly, I find and conclude that summary disposition is appropriate and summary decision is granted in favor of the Complainant for the following reasons.

(9) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| ☐ No notices required, advised verbally. | A copy of the order sent to the following: George Rodriguez 15670 West Sprucewood Lane Libertyville, Illinois 60048 | |
| ■ Notices mailed/faxed by Clerk of Hearings or other EEOC Staff. | | |
| ☐ Notified counsel/Representative/Pro Se Party by telephone. | Rhonda Parker-Rice, Attorney Office of Regional Counsel P.O. Box 1427 Hines, Illinois 60141 | RECEIVED (OGCA) 2007 NOV -6 AM 10:34 |
| ■ Copy to Administrative Judge. | | |
| Mailing Clerk Initials. | Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication (OOD), Rm. 275 810 Vermont Avenue, NW Washington, DC 20420 | |

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

George A. Rodriguez )
)
    *Complainant*, )
)
    v. )   VA Case No. 200J-0556-2006103371
)
Secretary, )
Department of Veterans Affairs )   EEOC Case No. 440-2007-00157X
)
    *Agency.* )

## FINAL ORDER

### INTRODUCTION

In a formal EEO complaint dated September 26, 2006, the complainant alleged that officials at the VA Medical Center in North Chicago, Illinois, engaged in unlawful discrimination against him as referenced below. The Department's Office of Resolution Management accepted and appropriately investigated one of the claims raised in the complaint, and properly notified the complainant of its determination to dismiss the remaining claim in accordance with the Commission's regulation governing partial dismissals at 29 C.F.R. Section 1614.107(b).

At the conclusion of the investigation, the Department notified the complainant in writing of the right to request either a hearing and decision by an EEOC administrative judge, with a subsequent final action by the Department, or an immediate final decision by the Department without a hearing. Although the complainant requested a hearing, the EEOC administrative judge determined that there were no genuine issues as to material fact or credibility and, hence, issued a decision without a hearing on October 29, 2007.

The Office of Employment Discrimination Complaint Adjudication received the judge's decision on November 6, 2007. The administrative judge's decision concluded that the complainant was discriminated against due to reprisal for prior EEO activity in connection with management's denial of his request for retired police officer credentials.

### ORDER

Based on its review of the entire record, the Office of Employment Discrimination Complaint Adjudication finds that the EEOC administrative judge's decision is supported

by substantial[1] evidence. We therefore accept the administrative judge's decision in its entirety and hereby ORDER the Department to fully implement it. The relief and corrective action, as described in the judge's decision, as well as any additional relief or other action required by this ORDER, is set forth in the *Remedial Relief* section that follows.

## REMEDIAL RELIEF

In view of the above finding of reprisal, we order the following relief and corrective action.

### 1. EQUITABLE RELIEF

As a result of the finding of discrimination, the Complainant is entitled to full, make-whole relief pursuant to 29 C.F.R. Section 1614.501(a). Therefore, pursuant to 29 C.F.R. Section 1614.501(a)(3) and (a)(4), the agency shall immediately issue the complainant his retired police officer credentials, provided the appropriate office has determined that the complainant meets the requirements for such credentials. If it is determined that the complainant does not qualify for the issuance of retired police officer credentials, this determination shall be communicated to the complainant and to the EEOC[2] in writing, together with any and all supporting documentation.

Pursuant to 29 C.F.R. Section 1614.501(c)(4), management shall also expunge from all official agency records any reference to the August 1, 2006, retaliatory denial of the complainant's request for retired police officer credentials.

Pursuant to 29 C.F.R. Section 1614.501(a)(5), the agency will commit to the Complainant in writing that it will cease from engaging in the unlawful employment practice found in this case, namely, reprisal for prior protected EEO activity, that it will not engage in similar unlawful employment practices, that it will provide the complainant a work place free from hostility, offensive conduct or abuse, and that no reprisal will be taken against the complainant for filing and pursuing this or any other complaint under federal EEO law.

---

[1] "Substantial evidence" is the most deferential standard of appellate review. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York, Inc. v. NLRB*, 305 U.S. 197, 229 (1938). The substantial evidence standard does not allow a court "to reverse the choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 405 (1962) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). A finding of discriminatory intent is a factual finding subject to the substantial evidence review standard. *Pullman Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). The Commission defers to an administrative judge's post-hearing factual findings based on evidence in the record. EEO Management Directive MD 110 at 9-15 to 9-16.

[2] The requirement to notify the EEOC in writing may be satisfied through the standard process of reporting compliance with this order. No separate notification is required in addition to the normal compliance report.

2

Within 30 days of its receipt of all necessary information, management will implement the remedial relief ordered in the foregoing paragraphs.

## 2. COMPENSATORY DAMAGES

The Department is liable for losses caused by the discrimination which occurred in this case. However, the administrative judge found that the complainant did not request damages, nor did he prove that he suffered any damages as a result of the denial of his retired police officer credentials. Accordingly, no compensatory damages are awarded.

## 3. ATTORNEY'S FEES

The record in this case does not indicate that the complainant is represented by an attorney. However, the record may be incomplete, or the complainant may have recently retained an attorney to assist in the further processing of the complaint. Therefore, we provide the following information concerning claims for attorney's fees and costs.

Any claim for fees must include a verified statement from the attorney of costs and attorney's fees. The statement must be accompanied by an affidavit from the attorney itemizing the charges for legal services. Specifically, the affidavit should chronologically detail the dates on which services were rendered, the person providing such services, the nature and extent of the services performed, and the number of hours expended. This affidavit is only a reconstruction of the services provided and does not, in itself, justify an award of attorney's fees. To be compensable, such services must be documented by contemporaneous billing records prepared the same day on which the services were actually provided. Consequently, copies of the applicable billing records must accompany both the affidavit and verified statement.

In addition to the above information, the affidavit must contain a statement as to the attorney's usual and customary hourly charge, as well as the usual and customary hourly charge for each person who worked on this case. It should, to the extent applicable, explain any distinction between in court and out of court fees, whether the fee was fixed or contingent, the nature and length of the professional relationship with this complainant, and any other factors which might affect the amount of attorney's fees in this case. The affidavit must describe the training and experience of each person who worked on this case, and the date of bar membership as applicable.

The claim should also include affidavits from other attorneys attesting to the prevailing market rate in the relevant geographic area for similar services, and any evidence regarding hourly rates that have been awarded in prior cases. It is the attorney's responsibility to prove the reasonableness of the requested hourly rate. The claim for fees must include a copy of the fee agreement between counsel and the complainant.

Finally, the claim must include any documentation (bills, receipts, statements, invoices, express or certified mail receipt numbers, delivery service documents, etc.) to support

3

any charges for costs billed to the complainant. Failure to provide adequate documentation may result in denial of the claimed costs.

Except as noted below, EEOC's regulations permit payment of an attorney fee award only for services performed <u>after the filing of the formal, written complaint</u>, and <u>after notification to the agency that the complainant is represented by an attorney</u>. However, the regulations do permit compensation for services rendered prior to such notification for a reasonable amount of time spent deciding whether to represent the complainant. In addition, the regulations permit compensation for services rendered prior to the filing of a complaint where an EEOC administrative judge issues a decision finding discrimination, the Department issues an order that does not implement the decision, and EEOC upholds the administrative judge's decision on appeal.

Any claim for fees and costs must be submitted to this office and to the VA facility director or staff office head, and to that official's legal representative, within 30 days of receipt of this decision. The submission to this office must indicate that a copy of the claim was served on that official or legal representative. This office will issue a final fee decision within 60 days of receipt of the claim, provided a copy of the claim has been served on the above official. The final fees decision will include notice of the right to appeal the decision respecting the amount of the attorney fee award.

If the complainant wishes to negotiate a settlement of the attorney's fee award with the facility director or staff office head, rather than having this office decide it, such an agreement must be reached prior to the issuance of a final agency decision by this office. This office will not delay issuance of a decision on attorney's fees because of settlement negotiations unless the complainant's attorney files a written request for an extension of time with this office.

### 4. COSTS

The Complainant is entitled to costs associated with the prosecution of this claim. The costs may include mailing, photocopying, and any other reasonable out-of-pocket expenses. A claim for costs must be filed with this office within **sixty (60)** days of receipt of this decision. The claim <u>must</u> itemize the costs and be accompanied by documentary evidence (such as bills and receipts) to support the claim. Failure to provide such documentation will result in denial of the claim.

### 5. OTHER CORRECTIVE ACTION

In addition to making the Complainant whole, a remedy must be tailored to correct the particular source of the identified discrimination and to minimize the chance of its recurrence. Therefore, pursuant to 29 C.F.R. Section 1614.501(a)(2), the agency will take whatever corrective, curative, and preventive actions and will adopt whatever measures are necessary to ensure that violations of federal EEO law similar to those found in this case do not recur.

To this end, management should also consider taking action with respect to the official responsible for the discrimination in this case, which action may, in appropriate circumstances, include counseling, reassignment of the offending official, EEO training, and/or disciplinary action.

An appropriate management official shall sign and conspicuously post at the facility the attached notice of violation for a period of not less than ninety (90) days.

## RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036.** If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of the General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of the General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of the General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

> within 90 days of receipt of this final action if no appeal to EEOC has been filed; or

> within 90 days after receipt of the EEOC's final decision on appeal; or

> after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **Gordon H. Mansfield** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Acting Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date the complainant receives the final action or final decision from the Department or the Commission.

_/s/ Charles R. Delobe_    _11-14-07_
CHARLES R. DELOBE                Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment: EEOC Form 573

6

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a recent Final Action or Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at this facility.

Federal law requires that there be no discrimination against any employee or applicant because of the person's RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE OR PHYSICAL or MENTAL DISABILITY with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits REPRISAL against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

The Department of Veterans Affairs Medical Center, North Chicago, Illinois, supports and will comply with such Federal law and will not retaliate against individuals because they have exercised their rights under law.

The Department of Veterans Affairs Medical Center, North Chicago, Illinois, has remedied the discrimination found in OEDCA's Final Action or Decision. The Department of Veterans Affairs Medical Center, North Chicago, Illinois, will ensure that officials responsible for personnel decisions and terms and conditions of employment will abide by the requirements of all federal equal employment opportunity laws and will not retaliate against employees who file EEO complaints.

The Department of Veterans Affairs Medical Center, North Chicago, Illinois, will not in any manner restrain, interfere, coerce, or retaliate against any individual who exercises his or her right to oppose practices made unlawful by, or who participates in proceedings pursuant to, Federal equal employment opportunity law.

_____
Signature of Appropriate Management Official

Date Posted:_____

Posting Expires:_____

# UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## CHICAGO DISTRICT OFFICE HEARINGS

| Name of Assigned Administrative Judge | Winston J. Jackson, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **Case Number** | 440-2007-00157X | **Date** | October 29, 2007 |
| **Case Title** | George A. Rodriguez v. Department of Veterans Affairs | | |

**MOTION:** [In the following box indicate the party filing the motion and state briefly the nature of the motion being presented.]

**Order and Decision Granting Summary Judgment Sua Sponte**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion - |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due _____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling on _____ set for _____ at _____. |
| (5) | ☐ | Status [held/continued to] [set for/re-set for] on _____ set for _____ at _____ by telephone. |
| (6) | ☐ | Prehearing conference is set for CDT, by telephone. The Agency shall place the call. |
| (7) | ☐ | Hearing is set for at EEOC, 500 W. Madison Street, Suite 2800. |
| (8) | ■ | Pursuant to the Acknowledgment and Scheduling Order issued on April 4, 2007, the Agency filed a Motion for Summary Judgment. The Agency argues that summary judgment is appropriate because there are no genuine issues of material fact or of credibility. Further, the Agency argues that Complainant cannot establish a prima facie case or over come the Agency's articulated nondiscriminatory reasons. The Agency argues that it is really "Complainant's misguided attempts to add a material clause" to a prior EEO settlement agreement that is the real issue in this case. Further, the Agency states even if Complainant establish a prima facie case he fails to provide any evidence that the Agency's articulated legitimate, nondiscriminatory reasons for its action was pretextual. After a review of the investigative record, the prehearing submissions, and Respondent's motion for summary disposition, it has been determined that there are no material facts in dispute or issues of credibility, and that it is therefore appropriate, pursuant to 29 C.F.R. § 1614.109(g)(3), to issue a decision on the record. The undisputed facts of this case, however, clearly establish that summary judgment must be rendered in favor of Complainant. The Investigative Record correctly sets forth the material facts and the material facts are not in dispute. Accordingly, I find and conclude that summary disposition is appropriate and summary decision is granted in favor of the Complainant for the following reasons. |
| (9) | ■ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | |
|---|---|---|
| ☐ | No notices required, advised verbally. | A copy of the order sent to the following: George Rodriguez 15670 West Sprucewood Lane Libertyville, Illinois 60048 Rhonda Parker-Rice, Attorney Office of Regional Counsel P.O. Box 1427 Hines, Illinois 60141 Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication (OOD), Rm. 275 810 Vermont Avenue, NW Washington, DC 20420 |
| ■ | Notices mailed/faxed by Clerk of Hearings or other EEOC Staff. | |
| | Notified counsel/Representative/Pro Se Party by telephone. | |
| ■ | Copy to Administrative Judge. | |
| | Mailing Clerk Initials. | |

Notes:

**Continuation Sheet**               George A. Rodriguez v. Department of Veterans Affairs
                                     EEOC No. 440-2007-00157X

EEOC regulations allow an Administrative Judge to issue a decision without a hearing when he or she concludes that there are no genuine issues of material fact. *Ford v. USPS*, EEO Appeal No. 01986659, 2001 WL 885287 (July 27, 2001). The evidence of the nonmoving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the nonmoving party's favor. *Id.* A disputed issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (June 25, 1986). A fact is "material if it has the potential to affect the outcome of the case." *Williams v. USPS*, EEO Appeal No. 01984932, 2001 WL 953588 (July 10, 2001).

In a claim that alleges disparate treatment in violation of Title VII, and where there is an absence of direct evidence of discrimination, the allocation of burdens and order of presentation of proof follows a three-step process. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973). The complainant must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination. *McDonnell Douglas*, 411 U.S. at 802. The agency must then articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the agency is successful, the complainant must prove, by a preponderance of the evidence, that the agency's proffered legitimate reason is a pretext for discrimination. *Id.* at 256.

Complainant alleges he was discriminated on the basis of reprisal when on August 1, 2006, his request to receive retired police officer credentials was denied. In order to establish a prima facie case of reprisal, Complainant must show that: (1) he engaged in protected activity under Title VII; (2) the agency was aware of the protected activity; (3) Complainant was subsequently subjected to adverse action by the agency; and (4) absent other evidence tending to establish retaliatory motivation, the adverse treatment followed the protected activity within such a short period of time that retaliatory motivation can be inferred. Hochstadt v. Worcester Foundation for Experimental Biology, 425 F. Supp. 318, 324 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976). Complainant must also show that the relevant management official taking the adverse action was aware of the protected activity. Failure of Complainant to establish this fact is a failure to establish a prima facie case. Peltier v. Secretary of Treasury, EEOC Appeal No. 01983060, (2001).

At all times relevant to this complaint, Complainant was a former Agency Police Officer at the North Chicago VA Medical Facility. Based on an agreement executed on February 16, 2006, to settle Complainant's prior EEO complaint, the parties agreed to allow Complainant to medically retire effective July 29, 2005. The medical retirement was substituted for a removal action that was pending and the basis of Complainant's then pending EEO complaint. As part of the agreement The Agency also agreed to provide Complainant with an encased Retirement Badge and a Retirement Certificate. That reflected Complainant's retirement from the VA Police service. *Investigative Record, Exhibit Tab C-3 at 2.*

By letter dated July 26, 2006, Complainant requested retirement police officer credentials, claiming that since he left the service in good status he was entitled to receive the credentials. *Investigative Record, Exhibit Tab C-4.* By letter dated August 1, 2006, from the Medical Center Director, Patrick Sullivan, the Agency denied Complainant's request for Retired Police Officer

**Continuation Sheet**          George A. Rodriguez v. Department of Veterans Affairs
                                EEOC No. 440-2007-00157X

credentials. The basis cited by the Agency for their denial was the EEO settlement agreement executed by the parties in February 2006, stating that based on that agreement Complainant waived his rights to receive the credentials. *Investigative Record, Exhibit Tab C-5*.

According to established Agency policy, to receive retired police officer credentials the retiring officer must; (1) be leaving in good standing, served either for 15 years as a VA police officer or retiring because of service connected disability after completing a probationary period; (2) not retiring for reasons of mental instability; (3) has non-forfeitable rights to benefits under the retirement plan; (4) is not prohibited by Federal law from receiving a firearm; and (5) has met the VA's firearm qualification standards. Investigative Record, Exhibit Tab C-7 at 2. There is no evidence that Complainant did not meet these criteria and Respondent does not claim that he did not. Thus, based on the Agency's established policy and procedure Complainant is clearly entitled to receipt of retired police officer credentials.

Respondent cites the terms of the EEO settlement agreement as the reason for denying Complainant retired police officer credentials. It argues that the agreement does not allow Complainant to obtain the credentials. However, a review of the settlement agreement does not in anyway deny Complainant his right or in anyway waive his right to receive the retired police officer credentials. The agreement is silent as to whether Complainant has waived such rights. Respondent argues that the Commission should go outside the four corners of the agreement to determine what was discussed during settlement negotiations to determine the intent of the parties. Evidence of settlement discussions and other extrinsic evidence must only be entertained when there is some ambiguity or vagueness that cannot be explained without additional evidence; no such situation exists in the present case.

The evidence clearly establishes that Complainant was entitled to apply for and receive retired police officer credentials if he was otherwise entitled to them. There is no evidence in the record that Complainant was not entitled to receive such credentials. There is no evidence in the record that Complainant otherwise waived his rights to receive the credentials. The evidence also establishes the reason Complainant was denied receipt of his retired police officer credentials was a result of his participation in the EEO process.

Based on all available evidence, including the statement of the witnesses, prehearing submissions, the investigative record, and arguments and materials not discussed herein, I find the following:

1. Summary judgment is appropriate as there is no evidence that a genuine issue of material fact or of credibility exists.

2. Summary judgment, in favor of the complainant is granted. Complainant established a prima facie case and the Agency failed to articulated legitimate, nondiscriminatory reasons for its actions.

Because the agency is found to be in violation of Title VII on the basis of reprisal, Complainant is entitled to relief. Accordingly, the Agency is ordered to take the following remedial action within sixty days of the date that this decision becomes final. The Agency is ordered to immediately issue Complainant his retired police officer credentials after a determination has

- 3 -

**Continuation Sheet**                    George A. Rodriguez v. Department of Veterans Affairs
                                          EEOC No. 440-2007-00157X

been made by the appropriate office that Complainant meets the requirement standards. If Respondent determines that Complainant does not otherwise qualify for the issuance of retired police officer credentials they will so state the basis of their decision in a letter to Complainant and to the Commission, together with any and all documents that support their determination.

Complainant has not plead or proved that he suffered any damages as a result of the Agency's denial of retirement credentials. Accordingly no compensatory damages will be awarded.

NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. §1614.109(b), 109(g) or 109(i). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848, Washington, D.C. 20036
> Fax No. (202)663-7022

Facsimile transmissions over 10 pages will not be accepted.

- 4 -

**Continuation Sheet**         George A. Rodriguez v. Department of Veterans Affairs
                               EEOC No. 440-2007-00157X

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. See 29 C.F.R. §1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the

Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.


FOR THE COMMISSION


Date: October 29, 2007
                                                    Winston J. Jackson, Jr.
                                                    Administrative Judge

- 5 -